COHEN, J.,
concurring specially.
Under the current case law, I am compelled to agree with the majority’s finding that the Frye issue was preserved for appeal. The objection, albeit contained in a lengthy motion in limine, placed opposing counsel and the trial court on notice of the Frye challenge.
The trial court in this case was placed in a difficult position. This case had been pending for over four years and the three week trial was scheduled for October 6, 2008. Less than thirty days before trial, the parties filed a total of twenty-four motions in limine, one of which was the Frye motion now being challenged on appeal. These motions were heard twelve days before trial and the argument on the Frye motion made up all of eleven pages of a 149 page transcript. Given the importance Appellants placed on this issue in their brief and at oral argument, it is not only surprising that so little argument was devoted to it, but that it was not even the first motion argued. In any event, I believe this was not the proper way to raise a Frye challenge in this case.
Although the motions in limine were heard in advance of trial, it is not uncommon, given a lack of resources and increasing case loads, that motions in limine are heard while the parties wait for potential jurors to be brought to the courtroom. In most cases, while not ideal, this process is adequate. What, then, if the trial court determines a need for an evidentiary'hear-ing? We know the proponent of the testimony being challenged is required to present independent experts to establish that the principles involved are not new or novel. See Ramirez v. State, 810 So.2d 836, 851 (Fla.2001). Assuming the proponent of the testimony has independent experts retained and available, an expensive proposition, delay is inherent. It is difficult enough to schedule experts to testify at trial, much less having to secure and coordinate additional independent experts. To believe this can be accomplished immediately before, or even in the middle of trial, presents an unworkable model. Either the judge’s trial schedule will be impacted and/or the jury’s time will be extended while such a hearing is conducted. Neither procedure results in an efficient administration of justice.
If counsel believes there is a good faith basis for excluding testimony based upon Frye, a separate motion filed sufficiently in advance of trial, and clearly identifying the issue, should be required. The better practice would then be to set a hearing so the trial court could determine Frye’s ap *774 plicability or whether a further evidentiary hearing is needed.